IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. ZIMMER, D.C., PROFESSIONAL CORPORATION, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>MOORE MEDICAL, LLC, MCKESSON MEDICAL-SURGICAL, INC., and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.:  4:13-cv-01000-CDP |

### DEFENDANTS MOORE MEDICAL, LLC AND MCKESSON MEDICAL-SURGICAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT III

Defendants Moore Medical, LLC and McKesson Medical-Surgical, Inc. (hereinafter "Defendants"), for their Memorandum in Support of their Rule 12(b)(6) Motion to Dismiss Count III, state as follows.

### BACKGROUND

This action originated in state court and has been removed to this Court. Plaintiff Michael C. Zimmer, D.C. Professional Corporation filed a Class Action Petition that asserts three counts, all based on the allegation that Defendants sent one unsolicited electronic telefacsimile (a "fax") to Plaintiff on April 3, 2012. (Dkt. No. 5 ¶ 13.) ("Class Action Petition".) Defendants now move to dismiss Count III.

Count III alleges that the transmission of the unsolicited fax constitutes a violation of the Missouri Consumer Fraud and Deceptive Business Practices Act, known as the Missouri

1

Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq*. ("MMPA").[1]  Count III fails to state a valid claim under the MMPA because (i) the transmission of unsolicited faxes does not constitute a violation of the MMPA, and (ii) Plaintiff lacks standing to assert a claim under the MMPA.[2]

## LEGAL ARGUMENT

### I.     Legal Standard under Federal Rule of Civil Procedure 12(b)(6)

Dismissal under Rule 12(b)(6) is required where a plaintiff fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009).  The complaint must allege facts which, when taken as true, raise more than a speculative right to relief.  *Twombly*, 550 U.S. at 555.  Those facts must "nudge[] their claims across the line from conceivable to plausible." *Id*. at 570.  A complaint is also properly dismissed for failure to state a claim under Rule 12(b)(6) where a plaintiff lacks statutory standing.  *See Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2012 U.S. Dist. LEXIS 47619, at *2-3 (E.D. Mo. Apr. 4, 2012) (dismissing MMPA claim on motion to dismiss for lack of standing).  Count III cannot survive these requirements.

### II.    Plaintiff's Claim for Violation of the Missouri Merchandising Practices Act (Count III) Should Be Dismissed.

Count III purports to assert a claim under the MMPA, Mo. Rev. Stat. § 407.010, *et seq*.  Plaintiff, however, fails to state a claim under the MMPA for two independent reasons, as discussed below.

---

[1] Plaintiff erroneously refers to the MMPA as the "Missouri Consumer Fraud and Deceptive Business Practices Act."  (*See* Class Action Petition at p. 15.)

[2] Defendants deny that Plaintiff can establish liability under Count I (Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227) or Count II (state law conversion), but for purposes of this pleading motion, have moved to dismiss only Count III.

### A.  Transmission of Unsolicited Faxes Does Not Constitute a Violation under the Missouri Merchandising Practices Act.

Plaintiff asserts that the alleged transmission of unsolicited faxes constitutes an unfair practice under the MMPA because it "violates public policy" and "caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time." (Class Action Petition, ¶¶ 72-75.)  To state a claim under the MMPA, however, Plaintiff must allege that Defendants engaged in "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact. . . ."  Mo. Rev. Stat. § 407.020.  Plaintiff's allegations do not and cannot meet this standard, as Plaintiff does not allege that Defendants engaged in any deceptive conduct or made any misrepresentation.

Federal courts in Missouri have uniformly dismissed those MMPA claims that, like this one, are premised entirely on the sending of allegedly unsolicited faxes.  For example, in *Missouri ex rel. Nixon v. Progressive Business Publications, Inc.*, 504 F. Supp. 2d 699, 707 (W.D. Mo. 2007), the court held that the transmission of unsolicited faxes did not constitute a violation of the MMPA because it was not the sort of conduct that was tainted by conventional unfair practices or consumer fraud.  Nor did use of the recipients' fax machine, paper, and toner without their permission implicate the MMPA.  (*Id*.)  Similarly, in *Missouri ex rel. Nixon v. American Blast Fax, Inc.*, 196 F. Supp. 2d 920, 934 (E.D. Mo. 2002), *rev'd* on other grounds, 323 F.3d 649 (8th Cir. 2003), the court held that "[e]ven if defendants' conduct in sending unsolicited fax advertisements was found to be in violation of the TCPA," such conduct was not prohibited under the MMPA.  The court explained that the MMPA "prohibits the use of misrepresentation in connection with the advertisement of any merchandise," but the plaintiff did not allege that any of the faxed advertisements themselves were false or misleading, and

3

therefore the plaintiff failed to state a claim under the MMPA. *Id*.  Here too, Plaintiff does not allege that Exhibit 1 to the Complaint is false or misleading, and instead bases its MMPA claim entirely on an alleged violation of the TCPA.  Plaintiff thus has failed to state a claim under the MMPA.

> **B.     The Petition Fails to State a Claim under the Missouri Merchandising Practices Act Because Plaintiff Does Not Have Standing.**

Count III should also be dismissed on the independent ground that Plaintiff lacks standing to assert an MMPA claim.  A private civil action under the MMPA is authorized only in limited circumstances.  *See* Mo. Rev. Stat. § 407.025.  Among other requirements, a private civil action may be brought only by a "person who *purchases or leases* merchandise *primarily for personal, family or household purposes*."  Mo. Rev. Stat. § 407.025.1 (emphasis added).

The Petition, however, is devoid of any allegation that Plaintiff is a consumer who purchased or leased merchandise, much less any allegation that such purchase or lease was made "primarily for personal, family or household purposes."  *Id*.  Nor does it appear that Plaintiff could remedy such deficiency, given that Plaintiff is a professional corporation.  It is therefore highly unlikely that any purchases made by Plaintiff would be primarily for personal, family or household purposes.  Again, Missouri courts have uniformly dismissed MMPA claims brought by similar plaintiffs because those plaintiffs, like Plaintiff in this case, lacked standing to bring MMPA claims.  *Lindsay Transmission*, 2012 U.S. Dist. LEXIS at \*2-3 (dismissing MMPA claim based on alleged transmission of unsolicited faxes because the plaintiff was "neither within the class of persons the MMPA was enacted to protect (consumers) nor does [plaintiff] allege an injury that the MMPA was intended to address" (*i.e.*, "injury as a result of its purchase or lease of defendant's merchandise")); *Leaf Funding, Inc. v. Florissant MRG, Inc.*, No. 4:08-CV-284 (CEJ), 2009 U.S. Dist. LEXIS 9035, at \*3-4 (E.D. Mo. Feb. 6, 2009) (dismissing MMPA claim

4

for failure to state a valid claim where there was "no allegation within the complaint that defendants purchased or leased merchandise primarily for 'personal, family or household purposes'") (citation omitted); *see also In re Express Scripts, Inc.*, MDL No. 1672, 2006 U.S. Dist. LEXIS 65168 (E.D. Mo. Sept. 13, 2006) (no standing where purchases were made for a business purpose, not for personal, family, or household purposes).  Accordingly, Count III fails for the additional reason that Plaintiff has not—and cannot—establish that it has standing to bring its claim under the MMPA.

## CONCLUSION

WHEREFORE, Defendants Moore Medical, LLC and McKesson Medical-Surgical, Inc. request that this Court enter an Order dismissing Count III of the Class Action Petition and granting Defendants such other relief as the Court deems just and proper.

Dated:  June 28, 2013

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone:  314.552.6257
Facsimile:  314.552.7257


By:   /s/ Margaret Mayo
Tiffany Cheung (*Admitted Pro Hac Vice*)
Margaret Mayo (*Admitted Pro Hac Vice*)
John W. Rogers (E.D.Mo. Bar No. 62021)
Attorneys for Defendants
MOORE MEDICAL, LLC AND MCKESSON
MEDICAL-SURGICAL, INC.

5

sf-3295300

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 28th day of June, 2013, the above Memorandum of Law in Support of Motion to Dismiss Count III was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/ Margaret Mayo