IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. ZIMMER, D.C., PROFESSIONAL CORPORATION, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>MOORE MEDICAL, LLC, MCKESSON MEDICAL-SURGICAL, INC., and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.:  4:13-cv-01000-CDP |

**DEFENDANTS MOORE MEDICAL, LLC'S AND MCKESSON
MEDICAL-SURGICAL, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL THE PRODUCTION OF DOCUMENTS**

Plaintiff has refused to produce numerous faxes relevant to a central issue for class certification that are readily available and in the possession of Plaintiff's counsel.  Moore has requested copies of any unsolicited fax advertisements Plaintiff has received during the relevant time period.  Moore believes these faxes likely illustrate that Plaintiff has a practice of routinely providing its fax number and its consent to receive faxes at that number.  Whether Plaintiff consented to receiving the fax at issue is a key dispute in this case.  Plaintiff's consent to receive this fax precludes liability for plaintiff's sole TCPA claim and renders him an inadequate class representative.  The only fax that Plaintiff has ever produced is the single fax attached to the Complaint.  Yet, at Plaintiff's deposition, its corporate representative, Dr. Zimmer, testified that he has given hundreds of faxes responsive to Moore's request to Plaintiff's counsel.  These faxes

1

are already collected and readily available.  Yet Plaintiff repeatedly refuses to produce faxes that may be critical to Moore's defenses.  Plaintiff should be compelled to produce these documents.

## I.   BACKGROUND

Plaintiff is Michael C. Zimmer, D.C., P.C., a chiropractic practice.  Defendant Moore is a supplier of medical devices and goods.  Over the past several years, Plaintiff has routinely made purchases from Moore, and has continued to purchase from Moore after the filing of this complaint.  To provide a high level of service to Plaintiff, Moore assigned Plaintiff a dedicated account manager, Lou Senatro.  Despite the regular business relationship between Plaintiff and Moore, Plaintiff alleges that it received a single fax from Mr. Senatro that it did not consent to.

On September 6, 2013, Moore propounded Requests for Production of Documents to Plaintiff.  Request No. 2 (hereinafter "the Request") requested "All documents constituting or related to any and all allegedly unsolicited facsimile advertisements You have received from any entity, including any such facsimiles you have received from Moore."  (*See* Declaration of Tiffany Cheung in Support of Defendants' Motion to Compel Production of Documents ("Cheung Decl."), attached hereto as Exhibit 1, at ¶ 2, Ex. A.)

On October 18, 2013, Plaintiff responded to the Request as follows:

Plaintiff objects to this request as vague, overbroad, unduly burdensome, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence and outside the scope of the pleadings. Subject to and without waiving this objection, See fax at issue attached to petition and documents in the possession of the Defendant.

(*Id*. ¶ 3, Ex. B.)

In late December 2013, the parties conferred about various discovery issues.  At that time, Plaintiff's counsel stated that it planned to stand on its objections to the Request.  When Plaintiff served its Supplemental Responses on January 24, 2014, it did not amend its response or

2

sf-3409744

produce any documents in response to the Request. (*Id.* ¶¶ 4-5.)   However, at his deposition on March 6, 2014, Dr. Zimmer testified that there are numerous documents (in addition to the only fax Plaintiff produced) that are responsive to the Request and currently in the possession of its counsel.  Dr. Zimmer testified that he gives *every* allegedly unsolicited fax advertisement that he receives to Plaintiff's counsel, Max Margulis.

> **Q**  What happens when faxes come in to your office? What's the procedure?
> **A**  Tina looks at them and decides what to do, if it's something I [sic] should have my attention . . . . If it is an advertisement, she will put it in a bundle and we give it to Mr. Margulis.
>
> . . . .
>
> **Q**  Why do you put faxes in a bundle to give to Mr. Margulis?
> **A**  So we can try to make them go away.  There's no other way to get rid of them.
>
> **Q**  How long have you been doing that?
> **A**  For about three or four years.
>
> . . . .
>
> **Q**  But it's your understanding that you are supposed to be sending him faxes that you received of their ads?
> **A**  Unsolicited advertisements, yes.
>
> **Q**  Your understanding is you send all those faxes to Mr. Margulis?
> **A**  Yes.
>
> **Q**  And you've been doing that for the last three to four years?
> **A**  Yes ma'am.
>
> **Q**  How many faxes have you sent to him?
> **A**  I don't know.  This is handled by somebody else in the office.  They bundle them up and we give them to him once a month or once every two months, we give him this manila folder full of faxes…I would say there's twenty or thirty a month in there.

(Cheung Decl. ¶ 6, Ex. C at 70:18-72:21.)  Dr. Zimmer testified that he believes the faxes responsive to the Request are still in Mr. Margulis's possession.  (*Id.* at 205:24-206:2.)  Dr.

Zimmer also testified that even though Plaintiff receives numerous unsolicited fax advertisements each month, this is the only lawsuit it has ever filed:

> **Q** Any other lawsuits you filed claiming that you received unsolicited faxes?
> **A** No.
>
> **Q** Why haven't you filed any others, when you get twenty to thirty a month?
> **A** Sitting down with counsel, we decided that, you know, trying to figure out what's the best thing to do, and we filed this one first. Or second. Then we -- there may be others pending but this is just...
>
> **Q** Are there others that you're considering bringing?
> **A** Not at the present time.

(*Id*. at 77:22-78:9.)

At the deposition, Moore's counsel discussed with Plaintiff's counsel Moore's outstanding document requests. Moore's counsel then followed up with a letter specifically requesting the faxes in Mr. Margulis's possession responsive to the Request. (*See* Cheung Decl. ¶¶ 7-8, Ex. D.) Plaintiff's counsel responded via email stating they would not be producing any additional documents and Plaintiff "stands on its objections." (*Id*. ¶ 9, Ex. E.) On April 23, 2014, Moore's counsel conferred with Plaintiff's counsel by telephone in an attempt to resolve this dispute. Plaintiff continues to refuse to produce the readily available documents that are relevant to Moore's defenses and responsive to the Request. (*Id*. ¶ 10.)

## II.   LEGAL STANDARD

A party is entitled to seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This matter is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence" regarding a claim or defense in this case. *Id.* "A party may serve on any other party a request within the scope of Rule 26(b):  (1) to produce . . . (A) any designated documents. . . ." Fed. R. Civ. P. 34(a). "As long as the parties request information or documents relevant to the claims at issue in the case,

and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *Myers v. Casino Queen, Inc.*, No. 4:11-CV-1273, 2013 WL 3321865, at *1 (E.D. Mo. July 1, 2013) (citation omitted).

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-2192, 2007 WL 1531846, at *4 (D. Kan. May 25, 2007) (internal citations and quotations omitted); s*ee also Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02 CV 1731 LMB, 2003 WL 26098543, at * 4 (E.D. Mo. Nov. 25, 2003). "A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *U.S. Fire Ins. Co*, 2007 WL 1531846, at *4 (internal citations and quotations omitted).

### III. ARGUMENT

The Request at issue in this Motion is relevant to a central issue to class certification — whether Plaintiff routinely consented to receiving marketing faxes. If Plaintiff had a practice of consenting to marketing faxes, this evidence would contradict its testimony that it "never" consented to receiving marketing faxes, and undermines Plaintiff's claim that it specifically did not consent to receiving the fax at issue from Moore, its regular supplier of medical supplies. The evidence Plaintiff refuses to produce may allow Moore to demonstrate that Plaintiff cannot be an adequate class representative because it is subject to unique defenses. The Request is not burdensome as Plaintiff has admitted that the responsive documents have been collected and are currently in the possession of Plaintiff's counsel.

### A. The Documents Sought by the Request Are Relevant to Claims at Issue

The Request at issue is relevant to whether or not Plaintiff has a policy of routinely giving out its fax number and consenting to receiving faxes. The Request seeks copies of all allegedly unsolicited faxes Plaintiff has received during the relevant time period. Dr. Zimmer testified that he receives "twenty or thirty" such unsolicited fax advertisements a month. (Cheung Decl. Ex. C at 72:20-21.) Such a volume of regular, supposedly "unsolicited" fax advertisements suggests Plaintiff likely has a policy of routinely providing consent to receive marketing faxes. A review of the fax advertisements Plaintiff has received may confirm Plaintiff's practice of providing consent and undermine its claim that it "never" consented to receiving marketing faxes and that it specifically did not consent to receiving faxes from Moore.

Evidence that demonstrates Plaintiff's practice of routinely consenting to be faxed is directly relevant to Moore's defenses. As an initial matter, the mere provision of a phone number constitutes consent for the purposes of the TCPA. *See Steinhoff v. Star Tribune Media Co., LLC*, No. 13-cv-1750, 2014 WL 1207804, at *3 (D. Minn. Mar. 24, 2014) (finding plaintiff voluntarily provided her number and therefore gave defendant permission to contact her at that number); *Baird v. Sabre Inc.*, No. CV 13-999 SVW, 2014 WL 320205, at *6 (C.D. Cal. Jan. 28, 2014) (holding that a customer who provided her cell phone number while making an airline reservation consented to receive text messages at that number); *Pinkard v. Wal-Mart Stores, Inc.*, No. 3:12-CV-02902-CLS, 2012 WL 5511039, at *6 (N.D. Ala. Nov. 9, 2012) ("'Prior express consent' to receive a call is given when the 'called party' voluntarily proffers her telephone number to the calling party."). In this case, Moore's policy and practices dictated that the sole and exclusive means to obtain fax numbers would be to only obtain them directly from Moore's own customers.

sf-3409744

At Plaintiff's deposition, however, Dr. Zimmer claimed that the office manager, Tina Lyons, did not give out the office fax number to Moore. (*See* Cheung Decl. Ex. C at 109:5-22.) Plaintiff must rely solely on Ms. Lyons' recollection of conversations that occurred up to three years ago to demonstrate the absence of consent. Especially given the weak reed on which Plaintiff relies to establish this required element of its claim, Moore is entitled to challenge Plaintiff's assertion that it did not consent to receiving the fax at issue from its account manager at Moore. The faxes sought in the Request could rebut this testimony, and illustrate that Plaintiff cannot meet its burden of establishing the absence of consent.

The requested documents are at least reasonably likely to lead to admissible evidence showing that Plaintiff's single TCPA claim must fail because Plaintiff consented to receiving the fax at issue. To prove its prima facie case, Plaintiff must establish that it received an "*unsolicited* advertisement." 47 C.F.R. § 64.1200(a)(4) (emphasis added). "To establish a claim under the TCPA, Plaintiff must prove" the defendant contacted the plaintiff "without the recipient's prior express consent." *Steinhoff*, 2014 WL 1207804, at *2 (citing *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)); *see also Fields v. Mobile Messengers Am., Inc.*, No. C 12-05160 WHA, 2013 WL 6073426, at *3 (N.D. Cal. Nov. 18, 2013) (stating that the court must "place the burden on plaintiffs to prove a lack of prior express consent"). Without a valid claim of its own, Plaintiff cannot demonstrate that it is a typical class member or an adequate representative of the putative class. For this reason, the documents sought by the Request are highly relevant to core class certification elements and should be produced.

### B. The Request is Not Burdensome

The Request is not unduly burdensome; indeed, it poses *no* burden to Plaintiff

7

sf-3409744

whatsoever.  Plaintiff admitted at its deposition that the documents sought by the Request have already been collected and sent to its counsel.  Nothing further is required by Dr. Zimmer for the documents to be produced.  District courts have held that it is not burdensome to produce documents already in the possession of the parties' counsel.  *See, e.g.*, *Herrod v. Metal Powder Products, Inc.*, No. 1:07-CV-00023, 2008 WL 2566945, at *2 (D. Utah June 26, 2008) ("There is no basis to the claim that discovery would be overly burdensome.  The materials sought are currently in the possession of counsel for Metal Powder. Production could be completed with relative ease and minimal expenses."); *In re Norplant Contraceptive Products Liab. Litig.*, 170 F.R.D. 153, 153-54 (E.D. Tex. 1996) (granting Defendant's motion to compel where documents sought were already in possession of Plaintiff's counsel).

### C. Plaintiff's Other Objections Also Fail

Plaintiff also objected to the Request as "vague," "overbroad," and "not reasonably limited in time or scope."  These remaining objections are similarly meritless.  The Request is not vague; it clearly states what documents are being requested.  Nor is the Request overbroad or not reasonably limited.  The instructions to Moore's Request for Production of Documents limited all requests to the specific, relevant time period that is defined by Plaintiff's own definition of the putative class.  (*See* Cheung Decl. Ex. A at 4.)

### IV. CONCLUSION

For the foregoing reasons, Moore's motion should be granted.  The Court should order the production of the requested documents, which are relevant to whether Plaintiff consented to receiving the fax sent by its provider of medical supplies.

sf-3409744

Dated:  April 25, 2014	MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone:  314.552.6257
Facsimile:  314.552.7257


By:   __/s/ Tiffany Cheung_____
Tiffany Cheung (*Admitted Pro Hac Vice*)
Margaret Mayo (*Admitted Pro Hac Vice*)
John W. Rogers (E.D.Mo. Bar No. 62021)
Attorneys for Defendants
MOORE MEDICAL, LLC AND MCKESSON
MEDICAL-SURGICAL, INC.

9

sf-3409744

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of April, 2014, the above DEFENDANTS MOORE MEDICAL, LLC AND MCKESSON MEDICAL SURGICAL, INC.'S MOTION TO COMPEL DISCOVERY was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/ Tiffany Cheung