UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. ZIMMER, D.C., ) | |
| Professional Corporation, ) | |
| on behalf of himself and others ) | |
| similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1000 CDP |
| ) | |
| MOORE MEDICAL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND AMENDED CASE MANAGEMENT ORDER - CLASS CERTIFICATION

This matter is before me on plaintiff's motion to extend the case management order deadlines. Plaintiff requests a two-month extension of the class certification deadlines to review additional materials produced by defendants on the eve of the close of discovery. Defendants oppose the request, claiming that plaintiff waited too long to ask for the extension and that the documents are not relevant to class certification. Although some of defendants' arguments may have weight, I find that plaintiff has demonstrated good cause (or "exceptional circumstances," to use the language of the case management order) for modification of the discovery schedule. I do not believe that plaintiff unduly delayed in making this request, as the additional

faxes were only produced on April 7, 2014, and the motion was filed a week later.[1] While defendants may argue that these additional faxes are not relevant to class certification, plaintiff must still be given the opportunity to review this evidence and decide this issue for itself. Moreover, this requested extension is relatively brief and not made for the purposes of delay or harassment of defendants. Although defendants complain that they would be prejudiced by the extension, they fail to demonstrate any real or substantial prejudice that would result from an brief extension of the deadlines.[2] Under these circumstances, I will amend the case management order as set out below.

The parties also jointly request leave to file briefs in support of, and in opposition to, plaintiff's motion to compel in excess of the page limits. I will grant this request and permit the parties to brief the motion according to the schedule set out in the motion.

Finally, both parties have recently filed motions to compel. Although they are not fully briefed, I have read the motions and note that these issues are ones that

---

[1] Defendants can hardly be heard to make a timeliness argument, since they have just now filed a motion to compel discovery responses despite being informed by plaintiff in December of 2013 that it planned to stand on its objections to the request.

[2] The extension may also work to the benefit of defendants, given their pending motion to compel.

could — and should — have been resolved by counsel. I encourage the parties to use their best efforts to resolve these disputes, as it appears that each side makes some valid (and also meritless) arguments. Parties are rarely satisfied when courts intervene in discovery, and I predict this case will be no exception.

Accordingly and for good cause shown,

**IT IS HEREBY ORDERED** that the joint motion for leave to file briefs in excess of the page limitation [#42] is granted. Plaintiff may file up to a 19 page memorandum in support of its motion to compel, and defendants may file up to a 19 page response in opposition to the motion to compel within 14 days of service.

**IT IS FURTHER ORDERED** that the motion for leave to amend the case management order [Doc. # 37] is granted, and **the following amended schedule shall apply to class certification only** in this case and will be modified only upon a showing of exceptional circumstances:

**I. SCHEDULING PLAN**

1. Disclosure shall proceed in the following manner:

   (a) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **July 6, 2014**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **August 20, 2014**.

   (b) Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **August 20, 2014**, and

shall make expert witnesses available for depositions, and have depositions completed, no later than **September 11, 2014**.

      (c)    The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., shall apply.

      (d)    Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., are not anticipated.

      (e)    The parties shall complete all class fact discovery in this case no later than **June 15, 2014.** All class expert discovery shall be completed no later than **September 11, 2014.**

      (f)    Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

      2.    Any motion for class certification, memorandum in support of class certification, and supporting evidence must be filed no later than **October 8, 2014.** Opposition briefs and evidence shall be filed no later than **November 24, 2014** and any reply brief may be filed no later than **December 21, 2014. The Court will hold oral argument on the motion for class certification on January 20, 2015, at 9:00 a.m. in Courtroom 14-South.**

      **Any other deadline not specifically amended above remains in full force and effect**. Failure to comply with any part of this order may result in the imposition of sanctions.

      Dated this 28th day of April, 2014.

*/s/ Catherine D. Perry*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE